THIS ORDER IS APPROVED.

Dated: November 24, 2020



Brenda Moody Whinery, Chief Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>CLA PROPERTIES SPE, LLC;<br><br>CLA MAPLE GROVE, LLC; CLA CARMEL, LLC; CLA WEST CHESTER, LLC; CLA ONE LOUDOUN, LLC; CLA FISHERS, LLC; CLA CHANHASSEN, LLC; CLA ELLISVILLE, LLC; CLA FARM, LLC; CLA WESTERVILLE, LLC; CHILDREN'S LEARNING ADVENTURE OF NEVADA, LLC; CLA FALL CREEK, LLC; CLA WOODLANDS, L.L.C; CLA FLOWER MOUND III, LLC; CLA RIVERSTONE, LLC; CLA PARKER, LLC; CLA GLEANNLOCH, LLC; CLA CINCO, LLC; CLA AUSTIN TRAILS, LLC; CLA ATASCOCITA, LLC; CLA CYPRESS, LLC; CLA TULSA, LLC; AND CLA COPPERFIELD, LLC<br><br>Debtors.<br><br>THIS FILING APPLIES TO:<br><br>__X__ Specified Debtors:<br><br>CHILDREN'S LEARNING ADVENTURE OF NEVADA, LLC - 2:18-bk-00179<br><br>CLA FALL CREEK, LLC - 2:18-bk-00182<br><br>CLA WOODLANDS, LLC - 2:18-bk-00183 | In Proceedings under Chapter 11<br><br>Case No. 2:17-bk-14851-BMW<br><br>Jointly Administered with:<br>2:17-bk-14852-BMW<br>2:17-bk-14854-BMW<br>2:17-bk-14855-BMW<br>2:17-bk-14856-BMW<br>2:17-bk-14857-BMW<br>2:17-bk-14858-BMW<br>2:17-bk-14859-BMW<br>2:17-bk-14861-BMW<br>2:17-bk-14862-BMW<br>2:18-bk-00179-BMW<br>2:18-bk-00182-BMW<br>2:18-bk-00183-BMW<br>2:18-bk-04743-BMW<br>2:19-bk-09743-BMW<br>2:19-bk-09744-BMW<br>2:19-bk-09745-BMW<br>2:19-bk-09746-BMW<br>2:19-bk-09747-BMW<br>2:19-bk-09748-BMW<br>2:19-bk-09749-BMW<br>2:19-bk-09750-BMW<br>2:19-bk-09752-BMW<br><br>**STIPULATED AGREEMENT AND ORDER DISMISSING CASES** |

This matter originally came before the Court pursuant to the United States Trustee of the District of Arizona's (the "**U.S. Trustee**"): *(1) Reply to Debtors' Response to United States Trustee's Motion to Convert Cases to Chapter 7 Proceedings; (2) Request to Convert Remaining Cases to Chapter 7 Proceedings; and (3) Statement of Position re: Expedited Motion to Appoint a Chapter 11 Trustee* (the "**Supplemental Conversion Motion**") Court docket entry **446**. Spirit SPE Portfolio 2012-5, LLC ("Spirit") objected to the Supplemental Conversion Motion as the lessor and owner of the properties pertaining to the debtor entities Children's Learning Adventure of Nevada, LLC, CLA Fall Creek, LLC, and CLA Woodlands, LLC (the "**Spirit Debtors**"). Court docket entry **497**. Both Spirit and the Spirit Debtors have previously urged the Court to dismiss these cases rather than have them converted to chapter 7 proceedings.

Prior to the onset of the current pandemic, the Spirit Debtors had determined that a potential sale of their assets could result in a substantial return to creditors and the ability to restructure their affairs through a chapter 11 plan of reorganization. Each of the Spirit Debtors filed a *Motion to Approve Sale and for Assignment of Executory Contracts* to further the reorganization of their cases (the "**Sale Motions**"). Court docket entries in each respective Spirit Debtor case **66**, **63**, and **64**. The Spirit Debtors reported to the Court on May 13, 2020, that the Sale Motions contemplated payment of all scheduled claims, as well as, any claims that were filed by the claims bar date in each of their respective cases and allowed by the Court. The Spirit Debtors further reported that they anticipated having each of their respective plans on file by the end of May and requested a hearing regarding the Sale Motions for July 2020. The Court set a hearing date on the Sale Motions for July

8, 2020 ("**Sale Hearing**"), predicated upon the prior filings of the Spirit Debtors' plans of reorganization. *See* Court's Minute Entry dated May 13, 2020.

On May 28, 2020, Spirit and the Spirit Debtors entered into a stipulation to extend the deadline for filing a plan of reorganization for thirty (30) days to June 30, 2020. The same parties also stipulated to a continuance on the Sale Motions for an additional (30) days (the "**Sale Stipulation**"). Based upon the Sale Stipulation, the Court vacated the July 8th date for the Sale Hearing and rescheduled it for September 23, 2020. That hearing has been subsequently rescheduled to occur on October 21, 2020.

**The Spirit Debtors hereby Verify and Attest as follows:**

This Stipulated Agreement was necessitated by the circumstances surrounding the occurrence of the recent pandemic, including the required shut down of the CLA USA operations in the facilities related to the Spirit Debtors. These shut downs, and now lagging revenues that continue to exist even after the reopenings in several states from CLA USA's operations, has resulted in the inability for the Spirit Debtors to remain current on their post-petition rent obligations owed to Spirit. This inability to remain current on post-petition rent is now resulting in large accruing priority administrative claims in each case.

These large accruing administrative claims by Spirit have nullified the ability of the Spirit Debtors to pursue the Sale Motions and seek a successful reorganization of their debts as previously contemplated and described to the Court.

Unlike with the other above captioned debtor entities whose cases were previously converted to chapter 7 proceedings, the principals of CLA USA, Rick and Cheryl Sodja (the "**Sodjas**"), have no separate agreements with the landlord, in these cases Spirit,

providing them with any third party income from any source that could otherwise be used to pay creditors of the Spirit Debtors' bankruptcy estates. Further, as in the other related chapter 7 proceedings, the Spirit Debtors and its estates are in no way the beneficiaries of any claims derived from insurance policies or other third party agreements entered into or otherwise controlled by CLA USA or the Sodjas in any capacity.

To assure the avoidance of any prejudice to unsecured creditors by the agreed dismissal of these Spirit Debtors' cases, CLA USA will ensure the payment of all scheduled such claims, as well as, any such claims that were filed by the claims bar date in each respective case.

**Spirit hereby Verifies and Attests as follows:**

As of the Spirit Debtors' petition date, Spirit and the Spirit Debtors were parties to that certain Master Lease Agreement dated December 23, 2004, as amended by that First Amendment to Master Lease Agremenet dated May 1, 2017 (the "Master Lease"). As authorized by this Court, the Spirit Debtors assumed the Master Lease. Court docket entry number **256**.

The Spirit Debtors missed rent payments for March 2020 through June 2020 totaling $865,660.71, inclusive of common area maintenance and property taxes. The Spirit Debtors made reduced rent payments for the months of July, August, September, and October of 2020. By agreement of Spirit and the Spirit Debtors, the Master Lease has terminated. In connection with the execution of the Master Lease, CLA USA executed an unconditional guaranty of payment and performance (the "Guaranty") in favor of Spirit. CLA USA reaffirmed the Guaranty in connection with the assumption fo the Master Lease.

In connection with the termination of the Master Lease, the Guaranty was also terminated. Spirit is not aware of any claim against any insurer related to the properties subject to the assumed, and now terminated, Master Lease that would result in a benefit to Spirit, CLA USA, the Sodjas or the Spirit Debtors' bankruptcy estates.

**PREDICATED UPON THE FOREGOING** the U.S. Trustee, Spirit, the Spirit Debtors, and CLA USA (the "**Stipulating Parties**") agree:

a. That the Spirit Debtors no longer have the ability to reorganize their business affairs and provide payment to the creditors of their bankruptcy estates;

b. That the Spirit Debtors, CLA USA and the Sodjas, subject to their disclosures herein hold no claims, interests or are party to any agreement that would otherwise provide a benefit to unsecured creditors in the event that these cases were converted to chapter 7 proceedings and the Spirit Debtors' assets were liquidated by a chapter 7 trustee;

c. That the accruing administrative claims owed to Spirit are creating a deepening administrative insolvency that is only increasing harm to the bankruptcy estates;

d. That to assure the avoidance of any prejudice to unsecured creditors by the agreed dismissal of these Spirit Debtors' cases, CLA USA shall ensure the payment of all scheduled such claims, as well as, any such claims that were filed by the claims bar date in each respective case and, therefor;

e. Pursuant to 11 U.S.C. § 1112(b), the remedy that is in the best interest of the creditors of the Spirit Debtors is to dismiss these cases and allow the creditors to pursue their state law remedies.

The Court having reviewed and considered the above stipulation and agreement as evidenced by the Stipulating Parties' signatures hereto and good cause appearing:

**HEREBY ORDERS THAT the following cases shall be dismissed:**

1. Children's Learning Adventure of Nevada, LLC, Case No., **2:18-bk-00179-BMW**
2. CLA Fall Creek, LLC, Case No. **2:18-bk-00182-BMW**
3. CLA Woodlands, LLC, Case No. **2:18-bk-00183-BMW**

**THE COURT FURTHER ORDERS THAT** in the event that any of these debtor entities files another petition for bankruptcy relief in the United States District Court of Arizona, the Clerk of the Bankruptcy Court shall assign such case to this presiding Judge.

**SIGNED & DATED ABOVE**

Signatures of Verifying and Stipulating Parties on Following Page

**VERIFIED, STIPULATED AND AGREED AS TO FORM AND CONTENT:**

| | |
|---|---|
| **MICHAEL W. CARMEL, LTD.** <br> Attorneys for Spirit Debtors | **UNITED STATES TRUSTEE** <br> District of Arizona <br> Ilene J. Lashinsky, Esq. |
| /s/ Michael W. Carmel (Bar No. 007356) <br> Michael W. Carmel <br> 80 East Columbus Avenue <br> Phoenix, AZ 85012-2334 | /s/ Larry L. Watson (CA Bar 193631) <br> Larry L. Watson <br> Trial Attorney |

**BALLARD SPAHR, LLP**
Attorneys for Spirit SPE Portfolio 2012-5, LLC

/s/ Michael DiGiacomo (Bar No. 032251)
Michael DiGiacomo
1 E. Washington Street, Suite 2300
Phoenix, AZ 85004-2555

**CHILDREN'S LEARNING ADVENTURE USA, LLC**

By /s/ Rick Sodja
    Its Authorized Representative

/s/    Rick Sodja
    Rick Sodja

/s/    Cheryl Sodja
    Cheryl Sodja